FILED

2015 Jul-02  AM 09:05
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATE DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE DAVIS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | _____ |
| **INFINITY INSURANCE CO.** | ) | |
| | ) | **JURY DEMAND** |
| **Defendant.** | ) | |

## COMPLAINT

## I.  INTRODUCTION

1. This is an action for legal and equitable relief to redress race discrimination and unlawful retaliation against Plaintiff. The suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII") and 42 U.S.C. § 1981 (hereinafter "§ 1981"), which provide for relief against race discrimination, color discrimination, national origin discrimination, and retaliation in employment. The plaintiff seeks compensatory and punitive damages and requests a jury trial for all issues triable by a jury pursuant to 42 U.S.C. § 1981a.

II.   **JURISDICTION AND VENUE**

2.   The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(a)(4); 28 U.S.C. §§ 2201 and 2202; and 42 U.S.C. § 2000e-5(f)(3).

3.   The unlawful employment practices alleged hereinbelow were committed by Defendants within Jefferson County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(g).

4.   The plaintiff requests a jury trial on all issues pursuant to 42 U.S.C. § 1981a.

III.   **PARTIES**

5.   Plaintiff, Stephanie Davis ("Plaintiff" or "Davis"), is an African-American female citizen of the United States and a resident of the State of Alabama. Plaintiff was formally employed by Defendant Infinity Insurance Company.

6.   Defendant, Infinity Insurance Company, (hereinafter "Defendant" or "Infinity") is an employer subject to suit under Title VII and a person subject to suit under 42 U.S.C. § 1981. Defendant has more than fifteen (15) employees and conducts business in Jefferson County, Alabama.

IV.   **ADMINISTRATIVE EXHAUSTION**

7.   Plaintiff satisfied all conditions precedent required pursuant to Title VII. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the occurrence of the

2

last discriminatory act. Plaintiff obtained Notice of Right to Sue for her charge and filed this Complaint within 90 days of the receipt of Notice of Right to Sue from the EEOC. Plaintiff filed suit under 42 U.S.C. § 1981 within two years of the unlawful treatment.

## V.    STATEMENT OF FACTS AND CLAIMS

8.    Plaintiff re-alleges and incorporates paragraphs 1-7 with the same force and effect as if fully set out in specific detail herein below.

9.    On or about April 15, 2002, Ms. Davis was hired by Infinity as a Cash Clerk.

10.   On or about February 2006, Ms. Davis was promoted to Policy Services Specialist II.

11.   Throughout each year of her employment, Ms. Davis received performance reviews which indicated that she met or exceeded standards.

12.   During June 2014, Defendant's management announced that it would eliminate many of the employees in Birmingham, Alabama who were not bilingual in both English and Spanish and began laying off those employees.

13.   On September 17, 2014, Defendant held a staff meeting and announced that by October 31, 2014, it would lay off additional employees who were not bilingual in both English and Spanish.

14.   On October 2, 2014, Defendant's management announced that employees who

3

worked through the last day of the reorganization would receive compensation as required by the terms of the 2014 Profit Sharing Plan. Upon information and belief, Defendant was required to pay Plaintiff her portion of the 2014 Profit Sharing Plan regardless of whether she accepted severance and signed a release.

15. On October 17, 2014, Ms. Davis was called into a meeting with Defendant's managers. At that meeting, Ms. Davis was told she had been selected as one of the employees to be laid off, effective October 31, 2014.

16. Plaintiff was selected for lay off but employees who were less senior and less productive than her were retained as employees in Cash Clerk positions in Birmingham, Alabama.

17. On October 20, 2014, Plaintiff was provided a Form of Severance Agreement and General Release which, *inter alia*, required her to waive her legal right under Title VII, *i.e.*, to file a charge of discrimination and lawsuit and challenge Defendant's reorganization and her selection for termination, which was illegal discrimination on the basis of race, color, and/or national origin.

18. As Plaintiff believed that Defendant's decision to terminate her employment was illegal discrimination, Plaintiff did not sign the release or waive her rights.

19. Defendant refused to pay Plaintiff her share of the 2014 Profit Sharing Plan to

which she was entitled regardless of whether she agreed to accept the consideration offered in exchange for the severance payments.

20. On or about October 27, 2014, Plaintiff filed a charge of discrimination with the EEOC against Defendant which was assigned Charge No. 420-2014-03130. In this charge, Plaintiff alleged, *inter alia*, that Defendant discriminated against her on the basis of race, color, national origin and retaliation when Defendant terminated her employment with Defendant. This charge relates back to Plaintiff's initial contact with the EEOC by phone on September 24, 2014. On or about October 29, 2014, Plaintiff filed an amended charge of discrimination which alleged, *inter alia*, disparate treatment and disparate impact on the basis of race, color, national origin and retaliation by Defendant.

21. On or about April 6, 2015, the EEOC issued a Notice of Right to Sue for Charge No. 420-2014-03130 to Plaintiff and Defendant. Plaintiff received the notice several days later.

22. Defendant's race, color and national origin discrimination included practices, procedures and criteria that have disparate impact on: (1) non-Hispanic or non-Spanish speaking employees, applicants, and potential applicants for employment throughout the company as a whole, (2) African-American and other black employees, applicants and potential applicants for employment

5

throughout the company as a whole, and/or (3) female employees, applicants and potential applicants for employment throughout the company as a whole. Such disparate impact has adversely affected (a) non-Hispanic and/or non-Spanish speaking employees, applicants and potential applicants, including Plaintiff, as a class; (b) black or African-American employees, applicants and potential applicants, including Plaintiff, as a class; and/or (c) female employees, applicants and potential applicants, including Plaintiff, as a class.

23.     Defendant has also engaged in a pattern or practice of disparate treatment and/or disparate impact against: (1) non-Hispanic or non-Spanish speaking employees, applicants, and potential applicants for employment throughout the company as a whole, (2) African-American and other black employees, applicants and potential applicants for employment throughout the company as a whole and/or (3) female employees, applicants and potential applicants for employment throughout the company as a whole. Such pattern or practice has adversely affected (a) non-Hispanic and/or non-Spanish speaking employees, applicants and potential applicants, including Plaintiff, as a class; (b) black or African-American employees, applicants and potential applicants, including Plaintiff, as a class; and/or (c) female employees, applicants and potential applicants, including Plaintiff, as a class.

6

24.    Defendant intentionally and maliciously discriminated against Plaintiff by terminating her employment because of her race, her color, her national origin and in retaliation for her complaints about race, color and national origin discrimination.

25.    As the result of Defendant's conduct Plaintiff was deprived of income and other benefits due her. Plaintiff suffered embarrassment, humiliation, inconvenience, and mental distress.

26.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, back pay, an injunction, and compensatory and punitive damages is her only means of securing adequate relief.

27.    Plaintiff is suffering and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

### COUNT I – DISCRIMINATION (DISPARATE TREATMENT) IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

28.    Plaintiff re-alleges and incorporates paragraphs 1-27 with the same force and effect as if fully set out in specific detail herein below.

29.    Defendant discriminated against Plaintiff on the basis of her race, color and/or national origin. Defendant was laid off and/or terminated which adversely

affected her compensation, terms and conditions of employment, and opportunity to be hired, re-hired or recalled from layoff.

30.  Defendant engaged in a pattern or practice of disparate treatment against: (1) non-Hispanic or non-Spanish speaking employees, applicants, and potential applicants for employment throughout the company as a whole, and/or (2) African-American and other black employees, applicants and potential applicants for employment throughout the company as a whole. Such pattern or practice has adversely affected (a) non-Hispanic and/or non-Spanish speaking employees, applicants and potential applicants, including Plaintiff, as a class; and/or (b) black or African-American employees, applicants and potential applicants, including Plaintiff, as a class.

31.  Upon information and belief, all such racial, color, and national origin disparate treatment has adversely affected Plaintiff and other non-Hispanic and/or non-Spanish speaking employees, applicants and potential applicants as a class in hiring, job assignments, compensation, promotions, transfers, lay-offs, re-hiring, recalls from layoff, terminations, discipline, evaluations, continued employment and other terms and conditions of employment.

32.  Defendant intentionally discriminated against Plaintiff on the basis of her race, color and/or national origin by terminating her employment with Defendant.

The reasons proffered by Defendant for Plaintiff's termination are unworthy of credence and are a pretext for discrimination.

33. Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

34. As a result and consequence of Defendant's actions, Plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

35. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## COUNT II – DISCRIMINATION (DISPARATE IMPACT) IN VIOLATION OF TITLE VII

36. Plaintiff re-alleges and incorporates paragraphs 1-35 with the same force and effect as if fully set out in specific detail herein below.

37. Defendant discriminated against Plaintiff on the basis of her race, color, and/or national origin. Defendant was laid off and/or terminated which adversely affected her compensation, terms and conditions of employment, and opportunity to be hired, re-hired or recalled from layoff.

38. Defendant's race, color and national origin discrimination included practices,

procedures and criteria that have disparate impact on: (1) non-Hispanic or non-Spanish speaking employees, applicants, and potential applicants for employment throughout the company as a whole, and/or (2) African-American and other black employees, applicants and potential applicants for employment throughout the company as a whole. Such disparate impact has adversely affected (a) non-Hispanic and/or non-Spanish speaking employees, applicants and potential applicants, including Plaintiff, as a class; and/or (b) black or African-American employees, applicants and potential applicants, including Plaintiff, as a class.

39.   Defendant engaged in a pattern or practice of disparate impact against: (1) non-Hispanic or non-Spanish speaking employees, applicants, and potential applicants for employment throughout the company as a whole, and/or (2) African-American and other black employees, applicants and potential applicants for employment throughout the company as a whole. Such pattern or practice has adversely affected (a) non-Hispanic and/or non-Spanish speaking employees, applicants and potential applicants, including Plaintiff, as a class; and/or (b) black or African-American employees, applicants and potential applicants, including Plaintiff, as a class.

40.   Upon information and belief, all such racial, color, and national origin

disparate impact has adversely affected Plaintiff and other non-Hispanic and/or non-Spanish speaking employees, applicants and potential applicants as a class in hiring, job assignments, compensation, promotions, transfers, lay-offs, re-hiring, recalls from layoff, terminations, discipline, evaluations, continued employment and other terms and conditions of employment.

41.   Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

42.   As a result and consequence of Defendant's actions, Plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

43.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## COUNT III – DISCRIMINATION (DISPARATE TREATMENT) IN VIOLATION OF TITLE VII AND 42 U.S.C. § 1981

44.   Plaintiff re-alleges and incorporates by reference paragraphs 1-43 above with the same force and effect as if fully set out in specific detail hereinbelow.

45.   Defendant discriminated against Plaintiff on the basis of race, color and/or national origin by refusing to pay her share of the 2014 Profit Sharing Plan to

which she was entitled.

46.   Defendant engaged in a pattern or practice of disparate treatment against African-American and other black employees throughout the company as a whole. Such pattern or practice has adversely affected black or African-American employees, applicants and potential applicants, including Plaintiff, as a class.

47.   Defendant intentionally discriminated against Plaintiff on the basis of retaliation by refusing to pay her share of the 2014 Profit Sharing Plan to which she was entitled. The reasons offered by Defendant for its refusal to pay Plaintiff are unworthy of credence and are a pretext for discrimination.

48.   Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

49.   As a result and consequence of Defendant's actions, Plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

50.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## COUNT IV – RACE DISCRIMINATION (DISPARATE IMPACT) IN VIOLATION OF TITLE VII

51.  Plaintiff re-alleges and incorporates paragraphs 1-50 with the same force and effect as if fully set out in specific detail herein below.

52.  Defendant discriminated against Plaintiff on the basis of race, color and/or national origin gender by refusing to pay her share of the 2014 Profit Sharing Plan to which she was entitled.

53.  Defendant's race, color and national origin discrimination included practices, procedures and criteria that have disparate impact on African-American and other black employees as a whole. Such disparate impact has adversely affected black or African-American employees, including Plaintiff, as a class.

54.  Defendant also engaged in a pattern or practice of disparate impact against African-American and other black employees throughout the company as a whole. Such pattern or practice has adversely affected black or African-American employees, including Plaintiff, as a class.

55.  Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

56.  As a result and consequence of Defendant's actions, Plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

13

57. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## COUNT V - RETALIATION IN VIOLATION OF TITLE VII AND 42 U.S.C. §1981

58. Plaintiff re-alleges and incorporates by reference paragraphs 1-__ above with the same force and effect as if fully set out in specific detail hereinbelow.

59. Plaintiff engaged in protected activity when she elected to file a charge of discrimination challenging Defendant's procedures, practices and criteria related to its reorganization and Defendant's decision to selected Plaintiff for lay off.

60. Defendant intentionally discriminated against Plaintiff on the basis of retaliation when she was terminated and/or not considered for re-hire by Defendant. The reasons proffered by Defendant for Plaintiff's termination are unworthy of credence and are a pretext for retaliation.

61. Defendant retaliated against Plaintiff by refusing to pay her share of the 2014 Profit Sharing Plan to which she was entitled. The reasons offered by Defendant for its refusal to pay Plaintiff are unworthy of credence and are a

pretext for discrimination.

62.     Defendant engaged in the practices complained of herein with malice and/or reckless indifference to Plaintiff's federally protected rights.

63.     As a result and consequence of Defendant's actions, Plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

64.     Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant violate the rights of Plaintiff, as secured by Title VII and 42 U.S.C. § 1981.

2.     Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended by "The Civil Rights Act of

1991," and 42 U.S.C. § 1981.

3.      Grant Plaintiff an order requiring Defendant to make Plaintiff whole by placing her in the position with Defendant she would occupy without the discriminatory conduct, or in the alternative by awarding her frontpay, awarding her backpay (plus interest), and by awarding her compensatory, punitive, and/or nominal damages.

4.      Grant Plaintiff any other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/H. Wallace Blizzard*
Robert L. Wiggins, Jr.
H. Wallace Blizzard
*Attorney for Plaintiff*

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS,
FISHER, & GOLDFARB, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 (Telephone)
(205) 254-1500 (Facsimile)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE TO A JURY.**

*/s/H. Wallace Blizzard*
OF COUNSEL

Plaintiff requests this Honorable Court to serve via certified mail upon Defendant the following: Summons, Complaint.

Registered Agent's addresses:

C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104

_/s/H. Wallace Blizzard_
OF COUNSEL