FILED
 2018 Jun-26  AM 10:54
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STEPHANIE DAVIS** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **2:15-cv-01111-JHE** |
| **INFINITY INSURANCE CO.;** ) | |
| **INFINITY PROPERTY AND** ) | |
| **CASUALTY CORP.; and** ) | |
| **ROBIN ADAMS** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants, Infinity Insurance Company, Infinity Property and Casualty Corporation, and Robin Adams (hereinafter collectively referred to as "Defendants"), submit the following in response to the allegations made by Plaintiff Stephanie Davis in the Third Amended Complaint ("Complaint") filed in the above-referenced matter:

## ANSWER

Defendants respond to the corresponding numbered paragraphs of the Complaint as follows:

31802044 v1

1.      In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), 42 U.S.C. §1981 ("§1981") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq.* ("ERISA"), deny that any violation of the cited statutes occurred, deny that Plaintiff is entitled to the relief requested or any relief whatsoever, and deny the remaining allegations of Paragraph 1 of Complaint.

## I.      JURISDICTION AND VENUE

2.      In response to Paragraph 2 of the Complaint, Defendants admit this Court has jurisdiction over claims properly brought under Title VII, §1981 and ERISA, deny that any violation of the cited statutes occurred, and deny the remaining allegations of Paragraph 2 of Complaint.

3.      In response to Paragraph 3 of the Complaint, Defendants admit that venue is proper in this Court and deny the remaining allegations of Paragraph 3 of Complaint.

4.      In response to Paragraph 4 of the Complaint, Defendants admit that Plaintiff requests a jury trial and deny the remaining allegations of Paragraph 4 of the Complaint.

## II.     PARTIES

5.      In response to Paragraph 5 of the Complaint, Defendants admit, upon information and belief, that Plaintiff is an African-American, non-Hispanic female citizen of the United States and a resident of Alabama that was, at times, employed by Infinity Insurance Co. ("Infinity").  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 5 of the Complaint.

6.      In response to Paragraph 6 of the Complaint, Defendants admit that Infinity is an employer as that term is contemplated under Title VII, a person subject to suit under §1981 and an employer within the meaning of ERISA.  Except as expressly admitted herein, Defendants deny the allegations of Paragraph 6 of the Complaint.

7.      In response to Paragraph 7 of the Complaint, Defendants deny that Infinity Property and Casualty Corp. is or ever was Plaintiff's employer and deny the remaining allegations of Paragraph 7 of the Complaint.

8.      In response to Paragraph 8 of the Complaint, Defendants admit that Infinity maintains employee benefit plans, deny that the 2014 Profit Sharing Bonus Plan was an employee benefit plan within the meaning of ERISA, admit that Infinity Property and Casualty Corporation was the plan sponsor for the Infinity Property and Casualty Corporation Severance Plan and Summary Plan Description, and deny the remaining allegations of Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendants admit that Robin Adams ("Adams") was, at certain times, Vice President of Human Resources and the Plan Administrator for the Infinity Property and Casualty Corporation Severance Plan and Summary Plan Description, deny that Adams was Plan Administrator or trustee of the 2014 Profit Sharing Bonus Plan, and deny the remaining allegations of Paragraph 9 of the Complaint.

## IV. ADMINISTRATIVE EXHAUSTION

10. In response to Paragraph 10 of the Complaint, Defendants admit that Plaintiff filed a Charge of Discrimination with the EEOC and was issued a right-to-sue letter and admit Plaintiff filed suit under §1981 within two years of her separation of employment with Infinity. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 10 of the Complaint.

## V. STATEMENT OF FACTS

11. In response to Paragraph 11 of the Complaint, Defendants admit that Plaintiff was employed by Infinity, at times as a Policy Service Specialist, from around April 2002 until around October 2014. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Defendants admit that Plaintiff's employment ended in October 2014, and that certain employees continued to work in Birmingham, Alabama after her termination, including, but not limited to, Susan Anderton, Joan Greer, Sherry Abrams, Margaret Burchfield and Sherry Smith. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Defendants admit that Infinity periodically published a three-month employee ranking for schedule, vacation, and holiday bidding purposes, affirmatively aver that the calculation of this periodic employee ranking differed from the calculation of the performance indicator used during the October 2014 reduction in force, and deny the remaining allegations of Paragraph 17 of the Complaint.

18. Defendants deny the allegations of Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Defendants admit that Plaintiff is African-American and that she was terminated during a reduction in force. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, Defendants admit Plaintiff could not speak Spanish and, thus, did not speak Spanish as part of her job

duties. Except as expressly admitted herein, Defendants deny the remaining allegations of Paragraph 20 of the Complaint.

21. Defendants deny the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

23. In response to Paragraph 23 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations concerning Plaintiff's "knowledge and experience" and therefore deny the allegations of Paragraph 23 of the Complaint.

24. Defendants deny the allegations of Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Defendants admit that Plaintiff purports to cite statistics from the "United States Census Bureau American Community Survey Reports, Language Use in the United States: 2011." Except as expressly admitted herein, Defendants deny the allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, Defendants lack sufficient knowledge to admit or deny the allegations concerning Plaintiff's "information and belief" and therefore deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. In response to Paragraph 33 of the Complaint, Defendants admit that Infinity offered Plaintiff severance benefits. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 33 of the Complaint.

34. In response to Paragraph 34 of the Complaint, Defendants admit that an email was sent on October 24, 2014, deny that Plaintiff was otherwise qualified for profit-sharing or management bonuses for 2014, and deny the remaining allegations of Paragraph 34 of the Complaint.

35. In response to Paragraph 35 of the Complaint, Defendants admit Plaintiff filed an EEOC Charge dated October 27, 2014, and an amended EEOC Charge dated October 29, 2014. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 35 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

40. In response to Paragraph 40 of the Complaint, Defendants admit that Plaintiff sent Exhibit 5 to the Complaint to Infinity on November 21, 2014. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 40 of the Complaint.

41. In response to Paragraph 41 of the Complaint, Defendants admit that Plaintiff failed to meet all other eligibility requirements to participate in the 2014 Profit Sharing Bonus. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 41 of the Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

## VI.   DAMAGES

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Complaint.

## COUNT I

49. In response to Paragraph 49 of the Complaint, to the extent that it requires an answer, Defendants deny that Plaintiff can create her own definition for the term "Hispanic."

50. In response to Paragraph 50 of the Complaint, Defendants incorporate their responses to paragraphs 11-13, 20-29 as though fully set forth herein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 50 of the Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Complaint.

52. In response to Paragraph 52 of the Complaint, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever and deny the remaining allegations of Paragraph 52 of the Complaint.

53. In response to Paragraph 53 of the Complaint, to the extent it requires an answer, Defendants admit Plaintiff purports to bring this claim against Infinity and Infinity Property and Casualty Corp. and not Robin Adams, deny that Plaintiff is or was ever employed by Infinity Property, and deny the remaining allegations of Paragraph 53 of the Complaint.

## **COUNT II**

54. In response to Paragraph 54 of the Complaint, Defendants state that Count II of the Complaint has been dismissed and, thus, no answer is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 54 of the Complaint.

55. In response to Paragraph 55 of the Complaint, Defendants state that Count II of the Complaint has been dismissed and, thus, no answer is required. To

the extent that an answer is required, Defendants deny the allegations of Paragraph 55 of the Complaint.

56. In response to Paragraph 56 of the Complaint, Defendants state that Count II of the Complaint has been dismissed and, thus, no answer is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 56 of the Complaint.

57. In response to Paragraph 57 of the Complaint, Defendants state that Count II of the Complaint has been dismissed and, thus, no answer is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 57 of the Complaint.

58. In response to Paragraph 58 of the Complaint, Defendants state that Count II of the Complaint has been dismissed and, thus, no answer is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 58 of the Complaint.

59. In response to Paragraph 59 of the Complaint, Defendants state that Count II of the Complaint has been dismissed and, thus, no answer is required. To the extent that an answer is required, Defendants deny the allegations of Paragraph 59 of the Complaint.

## COUNT III

60. In response to Paragraph 60 of the Complaint, Defendants incorporate their responses to paragraphs 11-19 as though fully set forth herein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 60 of the Complaint.

61. In response to Paragraph 61 of the Complaint, Defendants admit that Plaintiff is an African-American and that her employment ended. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 61 of the Complaint.

62. Defendants deny the allegations of Paragraph 62 of the Complaint.

63. In response to Paragraph 63 of the Complaint, to the extent it requires an answer, Defendants admit Plaintiff purports to bring this claim against Infinity and Infinity Property and not against Robin Adams, deny that Plaintiff is or was ever employed by Infinity Property, and deny the remaining allegations of Paragraph 63.

## COUNT IV

64. In response to Paragraph 64 of the Complaint, Defendants incorporate their responses to paragraphs 31-39 as though fully set forth herein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 64 of the Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Complaint.

66. Defendants deny the allegations of Paragraph 66 of the Complaint.

67. In response to Paragraph 67 of the Complaint, Defendants admit that Plaintiff filed a charge of discrimination. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 67 of the Complaint.

68. Defendants deny the allegations of Paragraph 68 of the Complaint.

69. Defendants deny the allegations of Paragraph 69 of the Complaint.

70. Defendants deny the allegations of Paragraph 70 of the Complaint.

71. Defendants deny the allegations of Paragraph 71 of the Complaint.

72. Defendants deny the allegations of Paragraph 72 of the Complaint.

73. In response to Paragraph 73 of the Complaint, to the extent it requires an answer, Defendants admit Plaintiff purports to bring her claims against Infinity and Infinity Property as her employer(s) and against Adams as an individual, deny that Plaintiff is or was ever employed by Infinity Property, and deny the remaining allegations of Paragraph 73 of the Complaint.

## COUNT V

74. In response to Paragraph 74 of the Complaint, Defendants incorporate their responses to paragraphs 31-34 and 40-44 as though fully set forth herein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 74 of the Complaint.

75. Defendants deny the allegations of Paragraph 75 of the Complaint.

76. Defendants deny the allegations of Paragraph 76 of the Complaint.

77. Defendants deny the allegations of Paragraph 77 of the Complaint.

78. Defendants deny the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

80. Defendants deny the allegations of Paragraph 80 of the Complaint.

81. In response to Paragraph 81 of the Complaint, to the extent it requires an answer, Defendants admit Plaintiff purports to bring her claims against the named entities/persons, deny that the 201 4 Profit Sharing Bonus had a Plan Administrator, and deny the remaining allegations of Paragraph 81 of the Complaint.

82. Defendants deny the allegations of Paragraph 82 of the Complaint.

## COUNT VI

83. In response to Paragraph 83 of the Complaint, Defendants incorporate their responses to paragraphs 31-34 and 40-44 as though fully set forth herein. Except as expressly admitted herein, Defendants deny the allegations of Paragraph 83 of the Complaint.

84. Defendants deny the allegations of Paragraph 84 of the Complaint.

85. Defendants deny the allegations of Paragraph 85 of the Complaint.

86. Defendants deny the allegations of Paragraph 86 of the Complaint.

87. Defendants deny the allegations of Paragraph 87 of the Complaint.

88. In response to Paragraph 88 of the Complaint, to the extent it requires an answer, Defendants admit Plaintiff purports to bring her claims against the named entities/persons, deny that the 2014 Profit Sharing Bonus had a Plan Administrator, and deny the remaining allegations of Paragraph 88 of the Complaint.

## PRAYER FOR RELIEF

In response to Plaintiff's PRAYER FOR RELIEF, including subparagraphs 1-4, located below Paragraph 88 of the Complaint, Defendants deny that Plaintiff is entitled to the relief requested or any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Some or all of the claims of the Complaint fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff has failed to satisfy the prerequisites, jurisdictional or otherwise, to bringing some or all of the claims alleged in the Complaint.

### THIRD DEFENSE

Some or all of the Plaintiff's claims are barred because they are outside the scope of Plaintiff's Charges of Discrimination filed with the EEOC.

## FOURTH DEFENSE

Some or all of the Plaintiff's claims are barred because of her failure to make them a subject of a timely Charge of Discrimination filed with the EEOC.

## FIFTH DEFENSE

Some or all of the Plaintiff's claims are barred by her failure to institute this action within 90 days of receiving a Notice of Right to Sue from the EEOC.

## SIXTH DEFENSE

Some or all of the claims in the Complaint are barred by the limitations period and/or laches.

## SEVENTH DEFENSE

Some or all of the claims alleged in the Complaint and the relief sought are barred by the doctrines of waiver, acquiescence, release, accord and satisfaction, estoppel, and/or unclean hands.

## EIGHTH DEFENSE

Some or all of the claims alleged in the Complaint and the relief sought are foreclosed because Plaintiff has not done equity.

## NINTH DEFENSE

All decisions and/or actions challenged as discriminatory or retaliatory in the Complaint were undertaken for legitimate, non-discriminatory and non-retaliatory reasons.

## TENTH DEFENSE

In the alternative to the Ninth Defense, some or all of the decisions challenged as discriminatory or retaliatory in the Complaint would have been undertaken even had Plaintiff not had the protected status alleged.

## ELEVENTH DEFENSE

Plaintiff was not the subject of any disparate impact.

## TWELFTH DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff has not pled a specific practice that allegedly caused disparate impact.

## THIRTEENTH DEFENSE

Defendants' policies and practices are job-related and consistent with business necessity.

## FOURTEENTH DEFENSE

Plaintiff was not the subject of any disparate impact, and even if she were there were no more effective practices that were less burdensome.

## FIFTEENTH DEFENSE

Plaintiff is not entitled to the benefits claimed.

## SIXTEENTH DEFENSE

Plaintiff's ERISA claims are barred by her failure to exhaust her administrative remedies.

## SEVENTEENTH DEFENSE

Defendants did not breach any duty to Plaintiff and met all of their obligations under any relevant plans, policies, or contracts made the subject of this case.

## EIGHTEENTH DEFENSE

Defendants did not act arbitrarily and/or capriciously.

## NINETEENTH DEFENSE

To the extent Plaintiff demands compensatory and punitive damages for her ERISA claims, ERISA precludes claims for any such relief.

## TWENTIETH DEFENSE

Plaintiff has failed to mitigate her backpay or monetary relief sought.

## TWENTY-FIRST DEFENSE

Plaintiff is not entitled to a trial by jury on some or all of the relief sought based upon some or all the claims alleged in the Complaint.

## TWENTY-SECOND DEFENSE

Plaintiff's claims may be barred by the doctrine of after-acquired evidence.

## TWENTY-THIRD DEFENSE

Plaintiff fails to state a claim against Defendants that would warrant the award of punitive damages.

### TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to punitive damages since none of the actions taken by Defendants relative to Plaintiff were taken maliciously, intentionally, in bad faith or with callous or reckless disregard for Plaintiff's federally protected rights.

### TWENTY-FIFTH DEFENSE

In the alternative to the above defense, the punitive relief claim by Plaintiff violates the United States and State of Alabama's Constitutions.

### TWENTY-SIXTH DEFENSE

Defendants did not act willfully or in reckless disregard of Plaintiff's federally protected rights.

### TWENTY-SEVENTH DEFENSE

Defendants are not guilty of unlawful discrimination or retaliation against the Plaintiff.

### TWENTY-EIGHTH DEFENSE

Even should the finder of fact determine that any discriminatory or retaliatory animus played any part in the Defendants' personnel actions regarding Plaintiff, Defendants aver that such actions would have been taken in any event and for legitimate, non-discriminatory and non-retaliatory reasons.

## TWENTY-NINTH DEFENSE

Plaintiff engaged in no protected activity that could form the basis of a retaliation claim, or, alternatively would have been treated no differently even had she not engaged in the protected activity alleged.

## THIRTIETH DEFENSE

Plaintiff cannot establish a prima facie case of discriminatory or retaliatory treatment.

## THIRTY-FIRST DEFENSE

Plaintiff is not entitled to recover against Infinity Property and Casualty Corporation for any of the claims in the Complaint because no employment relationship existed between plaintiff and Infinity Property and Casualty Corporation.

## THIRTY-SECOND DEFENSE

Temporal and/or amount limitations confine the monetary relief sought by Plaintiff.

## THIRTY-THIRD DEFENSE

Defendants expressly deny all allegations not specifically admitted herein.

## THIRTY-FOURTH DEFENSE

Defendants reserve all other defenses relating to Plaintiff's claims in her Complaint and reserve the right to assert additional defenses as they become known or available.

         *s/ Ronald Scott Williams*
         K. Bryance Metheny (MET011)
         Ronald D. Scott Williams (WIL379)
         Matthew Scully (SCU005)
         ATTORNEYS FOR DEFENDANTS

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 26th day of June, 2018:

Robert L. Wiggins, Jr.
H. Wallace Blizzard
Wiggins, Childs, Pantazis, Fisher, & Goldfarb, LLC
301 19th Street North
Birmingham, AL 35203

         *s/ Ronald Scott Williams*
         OF COUNSEL